Darrel B. Carter
WSBA #20318
CBG LAW GROUP PLLC
Gateway One Building, Suite 235
11400 SE 8th St.
Bellevue, WA 98004
Telephone: (425) 283-0432
Fax: (425) 283-5560

Attorney for CBG Law Group, PLLC

JUDGE CHRISTOPHER M. ALSTON
Chapter: 7
Date: 9/18/20
Place: Telephonic
Time: 9:30 a.m.
Response Date:

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>CAROL ANN PORTER<br><br>Debtor. | No. 15-10671<br><br>OPPOSITION TO SUPPLEMENTAL BRIEF OF DEBTOR CAROL ANN PORTER RE DISGORGEMENT |

### 1) INTRODUCTION

The law is clear. Debtor's claims against Carter for fee disgorgement are barred by the doctrine of res judicata, and Debtor cannot meet the "good cause" standard required to hear a motion for reconsideration after the appeal period has expired. As such, Debtor's motion for disgorgement should be rejected.

### 2) ARGUMENT

a) <u>The Fee Orders Are Final and Thus Debtor's Claims against Carter Are Prohibited by Res Judicata</u>.

Opposition to Supplemental Brief of Debtor - 1

CBG LAW GROUP PLLC
Gateway One Building, Suite 235
11400 SE 8th St.
Bellevue, WA 98004
(425) 283-0432

Case 15-10671-CMA    Doc 281    Filed 09/15/20    Ent. 09/15/20 15:02:46    Pg. 1 of 4

Debtor's claims against Carter are barred by res judicata.[1] Res judicata precludes lawsuits on any claims that were raised or *could have been raised* in a prior action.[2] Res judicata applies where there is: (1) an identity of claims, (2) a final judgment on the merits, (3) by a court of competent jurisdiction, and (4) privity between the parties.[3] Here, Debtor only contests the second element. In fact, in her supplemental briefing she states, "were there a final order awarding fees, it would be res judicata on the issues raised in the Objection and Motion to Disgorge." But the Court's May 3, 2016 Order Granting Final Application for Allowance of Compensation and Reimbursement of Expenses was just that – a final order.[4] The Order's inclusion of the word "final" makes this clear. Moreover, it was the final order entered in the Chapter 11 proceeding before it continued as a Chapter 7.[5]

*Layson's Restorations, Inc. v. Sterbick* also concerned a malpractice allegation in the handling of a bankruptcy matter.[6] There, debtor appealed a bankruptcy court order summarily dismissing its adversary complaint based on the doctrine of res judicata.[7] On appeal, the Court analyzed whether the debtor satisfied the "final judgment on the merits" element of res judicata.[8] Ultimately, the fact that the bankruptcy court had issued an order regarding debtor's former counsel's final fee request satisfied the element, because it meant the Court had conclusively determined how much he was owed.[9] Similarly, here the Court's Order Granting Final Application

---

[1] Undersigned counsel adamantly disputes that his representation of the Debtor fell below the standard of care. These arguments are addressed in Carter's Opposition to Motion for Disgorgement and will not be repeated here.
[2] *Layson's Restorations, Inc. v. Sterbick*, 3:16-CV-05034-RJB, 2016 WL 3000263, *7 (W.D. Wash. May 25, 2016); citing *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). (emphasis added).
[3] *Id*.
[4] *See* Dkt. 138.
[5] *See* Dkt. 106.
[6] *Id*. at *1.
[7] *Id*.
[8] *Id*. at *9.
[9] *Id*.

Opposition to Supplemental Brief of Debtor - 2

CBG LAW GROUP PLLC
Gateway One Building, Suite 235
11400 SE 8th St.
Bellevue, WA 98004
(425) 283-0432

for Allowance of Compensation and Reimbursement of Expenses fulfills the "final judgment on the merits" prong. By entering this order, the Court conclusively determined what amount Carter was owed for work related to Debtor's Chapter 11 proceeding. Had Debtor wanted to assert claims of fee disgorgement she could, and should have, done it prior to the Court's Order approving Carter's final application for compensation. Since she did not, and the Court entered its final order awarding fees – by Debtor's own admission – the issues raised in her Objection and Motion to Disgorge Fees are prohibited under res judicata.

b) <u>Debtor Cannot Establish the "Good Excuse" Standard Required to Hear Motion for Reconsideration Sought After the Appeal Period Has Expired</u>.

When reconsideration under Rule 3008 is sought after the 10-day appeal period has expired, the motion is subject to the constraints of FRCP 60(b).[10] Under FRCP 60(b), the party seeking reconsideration is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment, unless the party first establishes a good excuse.[11] Here, Debtor has established no such excuse. Instead, she contends that Carter was her attorney until she hired new counsel who appeared on December 26, 2019. Not only is this untrue, it is also unclear how Carter's failure to withdraw as Debtor's attorney constitutes the "good excuse" required to reconsider the Court's Order approving Carter's final application for fees. Carter would still be entitled to his administrative fees expended up to the May 3, 2016 Order whether he stayed on as Debtor's counsel or not. Furthermore, Debtor knew as early as February 2017 that Carter no longer represented her in the bankruptcy proceeding, and advised the Court of the same.[12] If Debtor had an issue with Carter's fee request, and the Court's

---

[10] *In re Wylie*, 349 B.R. 204, 209, 66 Fed.R.Serv.3d 39 (2006).
[11] *Id*. at 209-10.
[12] *See* Carter Decl. at ¶ 45.

Opposition to Supplemental Brief of Debtor - 3

**CBG LAW GROUP PLLC**
**Gateway One Building, Suite 235**
**11400 SE 8th St.**
**Bellevue, WA 98004**
**(425) 283-0432**

final approval thereof, she could have objected as soon as she became aware Carter was no longer representing her – not three years later.

### 3) CONCLUSION

Debtor's supplemental briefing is unconvincing and unsupportive of her position regarding disgorgement of Carter's fees. The issues raised in Debtor's Motion to Disgorge are prohibited by the doctrine of res judicata, as these claims should have been raised prior to approval of Carter's final fee application, but were not. Furthermore, any attempt to appeal the Final Order is now untimely. As such, Debtor's motion for disgorgement should be rejected.

DATED this 15th day of September 2020.

CBG LAW GROUP, PLLC

by /s/ Darrel Carter
Darrel B. Carter, WSBA #20318
Attorney for CBG Law Group, PLLC

### DECLARATION OF SERVICE

I hereby certify, under penalty of perjury, that on this day I served upon the attorney for the Carol A. Porter, by causing to be served by ECF and/or mailed by 1st class mail a copy of the document to which this certificate is attached.

DATED this 15th day of September 2020.

CBG LAW GROUP, PLLC

by /s/ Darrel Carter
Darrel B. Carter, WSBA #20318
Attorney for CBG Law Group, PLLC

Opposition to Supplemental Brief of Debtor - 4

CBG LAW GROUP PLLC
Gateway One Building, Suite 235
11400 SE 8th St.
Bellevue, WA 98004
(425) 283-0432

Case 15-10671-CMA    Doc 281    Filed 09/15/20    Ent. 09/15/20 15:02:46    Pg. 4 of 4